**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ROBERT ANTHONY STOKES, | : | HABEAS CORPUS |
| GDC ID 1132946, | : | 28 U.S.C. § 2254 |
|     Petitioner, | : | |
| | : | |
|     v. | : | CIVIL ACTION NO. |
| | : | 1:15-CV-2205-WSD-ECS |
| EZELL BROWN, | : | |
|     Respondent. | : | |

**FINAL REPORT AND RECOMMENDATION**

Robert Anthony Stokes has filed a "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" and an "Affidavit in Support of Request for Permission to Proceed In Forma Pauperis." See [Doc. Nos. 1 & 2]. Mr. Anthony states that on July 19, 2012, he pleaded guilty in Newton County Superior Court to possession of methamphetamine, possession of a drug-related object, and simple battery. See [Doc. No. 1 at 1]. Mr. Anthony further states that he neither filed a direct appeal, nor sought a writ of habeas corpus in state court. See [id. at 2].

Absent unusual circumstances not alleged to exist in this case, "an application for a [federal] writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." See 28 U.S.C. § 2254(b)(1)(A). Because Mr. Anthony has not yet exhausted all remedies available to him in Georgia's courts, "it

plainly appears from [his] petition . . . that [he] is not entitled to relief" in this Court.  28 U.S.C. foll. § 2254, Rule 4.

Therefore, the undersigned **RECOMMENDS** that this case be **SUMMARILY DISMISSED WITHOUT PREJUDICE** to permit Mr. Stokes to first seek relief in state court.  See, e.g., O.C.G.A. § 9-14-41 et seq.

The Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  28 U.S.C. foll. § 2254, Rule 11(a).  A § 2254 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."  Fed. R. App. P. 22(b)(1).  "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make a substantial showing of the denial of a constitutional right, a § 2254 applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations and quotation marks omitted); see also Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of

appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." (internal quotation marks omitted)).  Mr. Stokes has not demonstrated that his entitlement to federal habeas relief is reasonably debatable. Thus, he is not entitled to a certificate of appealability in this case.

According, the undersigned further **RECOMMENDS** that a Certificate of Appealability be **DENIED**.

Because it appears that Mr. Stokes is unable to pay the filing fee for this case, his request for permission to proceed <u>in forma pauperis</u> is **GRANTED**.  <u>See</u> [Doc. No. 2].

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED, ORDERED, AND DIRECTED**, this 24th day of June, 2015.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

3