IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROBERT ANTHONY STOKES,

                Petitioner,

v.

EZELL BROWN,

                Respondent.

1:15-cv-2205-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge E. Clayton Scofield's Final Report and Recommendation [3] ("R&R"). The R&R considers Petitioner Robert Anthony Stokes' ("Petitioner") Petition for Writ of Habeas Corpus [1] ("Petition"). The Magistrate Judge recommended that this action be dismissed without prejudice for Petitioner's failure to exhaust his state-court remedies.

### I. BACKGROUND

On July 19, 2012, Petitioner was convicted in the Superior Court of Newton County, Georgia, on charges of possession of methamphetamine, possession of a drug-related object, and simple battery. (Petition at 1). Petitioner did not directly appeal his conviction, or seek state habeas relief. (Id. at 2).

On June 18, 2015, Petitioner filed his Petition.  On June 24, 2015, the Magistrate Judge issued his R&R, recommending that the Petition be dismissed without prejudice because Petitioner has not exhausted his state court remedies. (R&R at 2).  The Magistrate Judge recommended also that a Certificate of Appealability ("COA") not be issued.  (Id. at 2-3).  Petitioner did not file any objections to the R&R.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).  Petitioner has not objected to the R&R and the Court thus conducts a plain error review of the record

2

B.   Analysis

The Magistrate Judge, after a careful and thorough review of the record, recommended in his R&R that the Court dismiss the Petition for failure to exhaust state court remedies, and deny granting a COA.  Because Petitioner did not object to the Magistrate Judge's finding that he failed to exhaust his state court remedies, the Court reviews these findings and conclusions for plain error.  See Slay, 714 F.2d at 1095.

Under federal law, "[a]n application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(A)-(B).  To exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); see also Mason v. Allen, 605 F.3d 1114, 1119 (11th Cir. 2010) (quoting Boerckel, 526 U.S. at 845).  A detainee in Georgia may directly appeal his conviction, and may seek a writ of habeas corpus to challenge the legality of their confinement.  See O.C.G.A. § 9-14-1(a) ("Any person restrained of his liberty under any pretext

whatsoever . . . may seek a writ of habeas corpus to inquire into the legality of the restraint."). Georgia permits a petitioner, whose habeas petition is not granted, to appeal the denial of habeas relief. See O.C.G.A. § 5-6-34(a)(7).

The Magistrate Judge correctly noted that Petitioner has not exhausted his state court remedies. (See Petition at 2). Because exhaustion of state court remedies is required before a petitioner can seek a writ of habeas corpus in federal court, the Court finds no plain error in the Magistrate Judge's findings and conclusion that this action be dismissed for failure to exhaust state court remedies. See Slay, 714 F.2d at 1095; 28 U.S.C. § 2254(b)(1)(A)-(B).

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). When a district court has denied a habeas petition on procedural grounds without reaching the merits of the underlying constitutional claim, the petitioner must show that (1) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and that (2) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Slack v. McDaniel, 529 U.S. at 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a

reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

The Magistrate Judge concluded that the decisive procedural issue, failure to exhaust, was not debatable, and that a COA should not be issued. The Court does not find any plain error in the Magistrate Judge's determination that a COA should not be issued. See Slay, 714 F.2d at 1095.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge E. Clayton Scofield's Final Report and Recommendation [3] is **ADOPTED**.

**IT IS FURTHER ORDERED** that that this action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED** this 15th day of December, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE